*In re* THOMPSON.

*In re* DIGGLES.

·(*Supreme Court, General Term, Second Department.* December 10, 1890.)

1. EMINENT DOMAIN—COMPENSATION—EVIDENCE OF DAMAGES.

On the appraisal of damages from the construction of the new Croton aqueduct, under Laws N. Y. 1883, c. 490, a claim was filed for "destruction of water privileges, injury to the buildings, and other structures, by reason of blasting," etc., on land in which only an easement had been taken for the construction of the aqueduct from 100 to 250 feet below the surface. *Held,* that evidence of the cost of improvements on the premises made years before was properly excluded.

2. SAME—EXPERT TESTIMONY.

On a question as to the injury caused to the water supply on the surface of land, testimony of a house carpenter, not otherwise qualified as an expert, as to the effect of concussions caused by explosions in excavations more than 100 feet below, is not competent.

3. SAME.

Testimony of one who had been engaged extensively for 20 years in boring wells for water supply, as to the depth to which it would be necessary to bore on the premises in question to obtain a supply of a certain quantity of water per day, is admissible.

4. SAME—EVIDENCE.

On the appraisal of damages from the construction of the new Croton aqueduct, under Laws N. Y. 1883, c. 490, to land in which a permanent easement only is taken for the construction of the aqueduct below the surface, evidence of the value of fee is not admissible. Following *In re Commissioner of Public Works,* 10 N. Y. Supp. 705.

5. SAME—AWARD.

The amount awarded by the commissioners, although far less than the amount claimed, appeared to be ample to cover all the injury to the property, which consisted chiefly of the diminution of the supply of water. not shown to be very serious; and the evidence suggested an attempt at deception and imposition on the part of the claimant. *Held,* that the award should be affirmed.

Appeal from special term, Westchester county.

Petition by Hubert O. Thompson, commissioner of public works of the city of New York, for the appointment of commissioners of appraisal, under Laws N. Y. 1883, c. 490, providing for the construction of the new Croton aqueduct, to determine the compensation for lands taken and damages sustained by reason of the construction thereof. From an order confirming their report upon a claim presented by Helen M. Diggles, said claimant appeals. For the condemnation of other lands for the Croton aqueduct, see 2 N. Y. Supp. 34, 35, and 5 N. Y. Supp. 370.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Calvin Frost* and *Noah Davis,* for appellant. *Esek Cowen,* for respondent.

DYKMAN, J. This is an appeal from the report of commissioners appointed to ascertain and appraise the damages sustained by reason of the construction of the new Croton aqueduct. The appeal is by Helen M. Diggles, whose claim was for damages to parcels Nos. 612 and 613, the former being a portion of an old road, and the latter being a strip 66 feet wide, and 2,850 feet long, running through the farm of the appellant, in which a perpetual easement is taken for the construction and maintenance of the new aqueduct, at a depth below the surface, varying from 100 to 250 feet. No other interest or right in the land of the appellant is taken, and the city has acquired no right to interfere with the surface of the land of the petitioner at any place or in any manner.

The appellant filed a claim for $85,000 damages, which she claimed to have sustained by reason of the construction of the aqueduct, "by the destruction of water privileges, injury to the buildings, and other structures, by reason of blasting," etc., and, at the close of her case, she filed an amended claim in the same language, increasing her claim for damages to $174,588.69. The

commissioners awarded the claimant $6,057.70 for all her damages by reason of the acquisition, use, and occupation of the real estate for the purpose indicated in the statute under which the condemnation proceedings were conducted. It appeared, from the testimony introduced before the commissioners, that an artificial reservoir for water had been constructed upon the premises, with a dam to retain the water, and that a road or drive way had also been built, and some other minor improvements had been made, and the commissioners excluded evidence of the cost of such improvements; and such exclusion is now arraigned for error.

There is no force in the exception to the ruling of the commissioners for several reasons. There was no proposition to take the land or any part of it, and, if there had been, the value of the portion taken, and the injury to the portion remaining, was all the claimant could ask, and the question had no relevancy to any legitimate line of inquiry to be pursued before the commissioners. Moreover, it was not within the plaintiff's demand. She only claimed damages for injury to the structures, and the expense of their construction years ago could in no manner tend to illustrate their value now or the extent of the injuries which they had sustained. The testimony would have raised collateral issues in no way material to the main question, and it was properly excluded.

The claimant desired to prove by a house carpenter the natural effect of the concussion caused by the explosions in the excavation for the aqueduct, upon the water supply on the surface, and the testimony was excluded; and its rejection was in accordance with the plain rules of evidence.

Again, objection was made to the reception of the opinion of a witness whose occupation was boring wells for water supply, and who had been extensively engaged in such business for 20 years, respecting the depth to which it would be necessary to bore on the Diggles property to obtain a supply of 5,000 gallons of water per day, but the exception presents no error. Respecting the exclusion of evidence of the value of the fee of the strip of land over the aqueduct, it is unnecessary to do more than refer to the *Case of Mallory*, (*In re Commissioner of Public Works*, 10 N. Y. Supp. 705,) which was similar to this, and arose under the same statute, decided by us in July last, where we held that the city acquired an easement only for the aqueduct, and did not take the fee of the land through which it was built. We examined the question in that case with great care, and assigned our reason at some length for the conclusion which we reached.

Complaint is made by the appellant of the small size of the award, but the testimony satisfies us that it is ample to cover all the injury to the property caused by the construction of the aqueduct. The claim of the appellant was for damages sustained by reason of the destruction of water privileges and injury to buildings and other structures, but the bulk of the testimony was directed towards the diminution of the supply of water, and it was not made clear that it would be very serious. One witness said he found nine feet of water in the well at the house, and another witness testified that Mr. Diggles, the husband of the claimant, expressed to him his determination to drain the artificial pond, and said if he could not empty it in any other way he would put down the dam. Mr. Diggles did not contradict or deny that statement, although it proved him guilty of deception and false pretense, and tainted the claim with dishonesty and fraud. In fact, the enormous amount claimed for damages is a manifest effort at imposition, which was doubtless detected by the commissioners. A claim of $174,588.69 for damages to a piece of property worth less than $40,000 is very suggestive of an effort at deception and imposition. The award and the order confirming the same should be affirmed, with costs.